UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

    Plaintiff,

v.

    CASE No. 1:23-cv-984

    HON. ROBERT J. JONKER

DAVE INC.,

    Defendant.

_____/

## OPINION AND ORDER

This is the latest round in an ongoing saga of civil actions filed by a pro se plaintiff claiming injury arising from a data breach. In this case, the Magistrate Judge recommends dismissing Plaintiff's Complaint for failure to state a claim based on res judicata.[1] (ECF No. 10). Plaintiff has objected to the Magistrate Judge's Report and Recommendation. (ECF No. 11).

The Court has reviewed Magistrate Judge Green's Report and Recommendation and Plaintiff's Objection to the Report and Recommendation. Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district

---

[1] The Magistrate Judge has filed Reports and Recommendations in two other cases filed by Plaintiff, *Sifuentes v. Twitter*, Case No. 1:23-cv-981 (W.D. Mich. filed Sept. 18, 2023) and *Sifuentes v. Pluto TV*, Case No. 1:23-cv-1013 (W.D. Mich. filed Sept. 25, 2023). While all three cases contain some overlap between the claims asserted and the basis for the Magistrate Judge's recommended dismissal, the Court addresses each case by separate Order.

>   judge may accept, reject, or modify the recommended disposition;
>   receive further evidence; or return the matter to the magistrate judge
>   with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.  After its review, the Court reserves ruling on the issue of issue preclusion, which is the basis of the Magistrate Judge's Recommendation, because the Court concludes that Plaintiff has failed to plead Article III standing and state a *Twombly* plausible data breach claim against Defendant.

## BACKGROUND

Some brief background is necessary.  Plaintiff is a frequent pro se litigant in this district, having filed over thirty cases since March of 2019.  Last year Plaintiff filed eleven cases in rapid sequence all of which claimed that the defendant or defendants caused a data breach that injured him in some way.  The complaints in those cases raised both state and federal claims.

Plaintiff was granted leave to proceed *in forma pauperis*, and the Magistrate Judge subsequently reviewed Plaintiff's complaints under the screening mechanism of 28 U.S.C. § 1915(e)(2).  After conducting that review, the Magistrate Judge issued a Report and Recommendation in each of the eleven cases that the federal law claims be dismissed for failure to state a claim, and that the Court decline to exercise supplemental jurisdiction over the state law claims and dismiss those claims without prejudice.  *See, e.g.*, Report and Recommendation, *Sifuentes v. Dave Inc.,* Case No. 1:22-cv-1194, ECF No. 13 (W.D. Mich. Mar. 9, 2023).  Plaintiff did not object to the dismissal of his federal claims.  But he did object to the Magistrate Judge's recommendation that the Court decline supplemental jurisdiction over the state law claims and that the Court dismiss those claims without prejudice.  Plaintiff did not, however, address the statutory

provision for supplemental jurisdiction at 28 U.S.C. § 1367, nor did he otherwise argue why the Court had jurisdiction over the state law claims. Rather, in a rambling missive typical of his filings, Plaintiff argued that he had alleged an Article III injury necessary to confer standing over the matter which was inapposite to the supplemental jurisdiction analysis. The Court proceeded to adopt the Magistrate Judge's Reports and Recommendations and dismissed the cases.

Following the entries of judgment, Plaintiff filed a slew of appeals and post-judgment motions. In a serial Rule 60 motion, Plaintiff argued for the first time that the Court should not have dismissed the state law claims because he had asserted diversity jurisdiction as an additional bases for subject matter jurisdiction in his original complaints. *See, e.g.*, Motion for Relief from Judgment, *Sifuentes v. Dave Inc.*, Case No. 1:22-cv-1194, ECF No. 29 (W.D. Mich. July 17, 2023). The Court denied that motion by noting that Plaintiff had failed to meet his burden under Rule 60. The Court observed, furthermore, that Plaintiff's contentions of diversity were insufficient to properly allege diversity jurisdiction. The Court concluded by noting that the dismissal of the state law claims was without prejudice, and stated that Plaintiff could refile those claims in State Court, or in federal court if he could plead diversity jurisdiction in good faith. *See, e.g.*, Order, *Sifuentes v. Dave Inc.,* Case No. 1:22-cv-1194, ECF No. 30 (W.D. Mich. July 21, 2023).

Following the entry of that Order, Plaintiff voluntarily dismissed his remaining appeals and refiled the state law claims in new federal cases, each of which claim diversity as the basis for subject matter jurisdiction. In three of those cases—the ones at issue here—the Magistrate Judge has filed a Report and Recommendation that the claims in the new complaints are barred by the doctrine of res judicata. The Magistrate Judge reasons that the doctrine applies to bar Plaintiff's claims because the Court issued a final judgment in the earlier cases; the new cases were asserted against the same Defendants and sought to assert claims that could have been raised in the earlier

3

action; and the claims arose out of the same core of operative facts. Plaintiff objects by arguing that res judicata should not bar him from proceeding with this case.

## DISCUSSION

Although, as Plaintiff repeatedly points out, *pro se* pleadings are to be liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e)(2)(B) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). In reviewing a *pro se* complaint, the Court must construe the pleading in a light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

The Court need not determine whether res judicata applies to this case or not because there is a more fundamental defect with Plaintiff's Complaint that requires dismissal under 28 U.S.C. § 1915(e)(2). First, the filing fails to comply with Rule 8. The entry docketed as Plaintiff's Complaint is not a proper pleading at all. It merely consists of a letter sent to the Clerk's office indicating that a Complaint and Memorandum of law, along with other documents, are being sent for filing. (ECF No. 1). The filing at ECF No. 2 is entitled "Plaintiffs Memorandum of Law in Support of Complaint." (ECF No. 2). It appears that this is the document Plaintiff intends to be the operative pleading, no other pleading is on file in this case.

But even construed as the operative Complaint, the filing fails to comply with the rules. Rule 8 requires a Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading is not a model of clarity, and even a liberal review leaves the Court in the dark to guess at the specific claims Plaintiff seeks to

4

advance against Dave Inc. Plaintiff alleges that in November 2022, he received a notification of a data breach from the web browser Firefox that "his personal information was comprised [sic] from Dave." (ECF No. 2, PageID.2). Plaintiff alleges that from this breach, he has suffered an invasion of privacy. He believes that information from the breach may have facilitated the hacking of other accounts held by Plaintiff. Plaintiff seeks compensatory and punitive damages. There are references to California and Michigan statutes and common law, including bailment and negligent and intentional infliction of emotional distress, though no effort is made to identify specific counts or articulate a short and plain statement of the claim supported by specific factual allegations.[2]

Secondly, Plaintiff's Complaint fails to establish the Article III injury necessary in any civil case. The level of factual allegations required to confer Article III standing in data breach cases appears to be an open question in this circuit following the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 1412 S. Ct. 2190 (2021). *See Kingen v. Warner Norcross & Judd LLP*, No. 1:22-cv-1126 (W.D. Mich. Oct. 5, 2023) (discussing cases). But while the Court

---

[2] There is nothing to suggest that Plaintiff is realleging a federal claim, and Plaintiff depends solely on diversity jurisdiction to support subject matter jurisdiction over the state law claims. He says that complete diversity of citizenship exists because he is a citizen of Michigan and defendant is a citizen of California. (ECF No. 2, PageID.3). And he says the amount in controversy is met because he is seeking compensatory damages of $300,000.00. Even assuming the amount in controversy requirement has been met, Plaintiff's allegations of diversity of citizenship likely are not enough to properly plead diversity jurisdiction. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1). The Complaint lacks any factual allegations with respect to Dave Inc.'s state of incorporation and principal place of business. A bare legal conclusion of citizenship generally does not suffice. *See Taylor v. Wal-Mart Stores E. I, LP*, No. 4:22-CV-00976-MTS, 2022 WL 4547020, at *1 (E.D. Mo. Sept. 29, 2022); *D.C. ex rel. Am. Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1043 (D.C. Cir. 1986) ("In a properly pleaded diversity action between corporations the plaintiff will not only allege that there is diversity of citizenship, but will also advert to the factors set out by § 1332(c) that establish corporate citizenship."). This constitutes an additional basis for dismissing this case.

5

acknowledges there may be data breach cases where Article III standing exists, this is not one of those cases.

To establish standing, a plaintiff must demonstrate (1) that he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) the injury is fairly traceable to a defendant; and (3) the injury is likely to be redressed by the relief sought. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 61 (1992). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Plaintiff has not asserted any concrete, particularized injury. His speculative filing is simply too vague and conclusory to state a claim upon which relief may be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009).

In an unpublished case, the Sixth Circuit Court of Appeals considered what constitutes a sufficient Article III injury in data breach cases. *See Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 385, 388 (6th Cir. 2016). The panel determined that the "allegations of substantial risk of harm, coupled with reasonably incurred mitigation costs, are sufficient to establish a cognizable Article III injury at the pleading stage of the litigation." *Id.* at 388. The subsequent decision of the Supreme Court in *TransUnion* arguably reins in *Galaria's* holding. *See Kingen*, No. 1:22-cv-1126 at ECF No. 40, PageID.121. But even assuming that *Galaria* properly applies, this case is distinguishable. In *Galaria*, the plaintiffs alleged that their data had been stolen and was no "in the hands of ill-intentioned criminals." *Galaria*, 663 F. App'x at 388. But Plaintiff makes no such allegation here. Instead, he simply claims the existence of a breach of Defendant's firewall and from that speculates a parade of horribles. In this, Plaintiff's complaint is like that the Third Circuit Court of Appeals found insufficient to rise above the speculative level to an injury in fact. *See*

6

*Reilly v. Ceridian Corp.*, 664 F.3d 38, 44 (3d Cir. 2011). There is simply no way that Plaintiff can demonstrate the injury in fact and traceability necessary for Article III standing in a data breach claim against Dave Inc. on the facts alleged. And for the same reason, he cannot establish a *Twombly* plausible data breach claim against Dave Inc.

The remaining matter is the Magistrate Judge's recommendation that Plaintiff be barred from proceeding *in forma pauperis* in future cases and Plaintiff's request, contained in his objections, for leave to amend his Complaint. The Court denies Plaintiff's request for leave to amend. This is not the first time that Plaintiff has attempted to file a data breach claim against Dave Inc. And on the facts alleged, any amendment would be futile. Plaintiff clearly believes that the existence of a data breach concerning a company in which he holds an account gives rise to a data breach claim. But as set out in *Reilly*, this is incorrect. The Court declines to adopt the recommendation that Plaintiff be prohibited from proceeding *in forma pauperis* in future cases at this time.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that this case is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2). A judgment consistent with this opinion and order will issue.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 9) is **DISMISSED AS MOOT** with respect to the recommended dismissal based on res judicata. The Court declines to adopt the recommendation that Plaintiff be prohibited from proceeding *in forma pauperis* in future cases at this time.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.

1997). For the same reasons that het Court dismissed the action, the Court discerns no good-faith basis for an appeal.

    **IT IS SO ORDERED.**


Dated:  <u>November 6, 2023</u>          <u> /s/ Robert J. Jonker         </u>
                                                    ROBERT J. JONKER
                                                    UNITED STATES DISTRICT JUDGE